# Southern Railway Co. *v.* Dickens.

## *Action for Damages for Destroying Fence by Fire.*

### (Decided June 13, 1907. 44 South. 402.)

1. *Railroads; Operation; Communicating Fire; Evidence.*—Plaintiff having testified that the ownership of a certain fence was in him and that it was located at a particular place, it was competent to introduce à written agreement made between plaintiff and a railroad company to the rights of which defendant company had succeeded, the recitals of which were inconsistent with plaintiff's testimony as to the ownership and location of the fence destroyed.

2. *Trial; Introduction of Evidence; Objection; Waiver.*—Where the objection to the introduction of a written statement was made in the trial court solely on the grounds of its irrelevancy and immateriality, the party complaining cannot urge on appeal the objection that the execution of the instrument was not proven and that the written agreement was a copy since the basis of the objection in the trial court on irrelevancy and immateriality was a waiver of other objections.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Charles C. Dickens against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This was an action begun by appellee against appellant for negligently permitting fire to escape from its engines and communicate itself to the premises of plaintiff. The contention seems to have been as to the title to a fence which was destroyed. The agreement adverted to in the opinion, so far as it concerns this case, is as follows: "And in the consideration of the erection and construction of said spur track and platform, and of using the same as a flag station, the said party of the second part releases any and all claim that he may have against said company growing out of the construction of fences on each side of the track of the said party of the first

part through the lands of said party of the second part between Chickasaw Bogue creek and Bayou Sarah. He hereby gives and grants to said party of the second part sufficient lands upon which to construct said spur track, switch, and platform. He admits and acknowledges that the fences are erected upon the 100-foot right of way of the said party of the first part, and hereby acknowledges their title to that portion of said right of way which he has inclosed. He further promises and agrees to maintain the said fences on each side of said track at his own cost and expense, and, whenever it becomes necessary to rebuild said fences, then he promises and agrees to construct the same at his own expense upon the true line of the said right of way. Said company shall have the right to remove said fences at its cost and expense to the line of said right of way whenever it sees fit to do so." This is signed by "Mobile & Birmingham Ry. Co., by T. G. Bush, Receiver," and by Charles C. Dickens. It was shown by the evidence that the fence at the time of the fire was still on the right of way and was part of the same fence. Objection was interposed to the introduction of this agreement in evidence, which was sustained, and the defendant excepted. The other facts sufficiently appear in the opinion.

BESTOR, BESTOR & YOUNG, for appellant. No brief came to the Reporter.

FRANCESS J. INGE, and GREGORY L. & H. T. SMITH, for appellee. No brief came to the Reporter.

DENSON, J.—The plaintiff having testified that the fencing destroyed belonged to him, it was the defendant's right to discredit such evidence by proof of admissions made by the plaintiff tending to show that the

[Southern Railway Co. v. Dickens.]

fencing did not belong to him. While the written agreement offered in evidence was made between the Mobile & Birmingham Railway Compainy (acting through a receiver) and the plaintiff, yet the evidence tended to show that the defendant held in succession to that company and that the fencing destroyed was the fencing referred to in the agreement; and the agreement contains statements which may be construed as being inconsistent and in conflict with the testimony of the plaintiff, both in respect to the ownership and the location of the fencing. In this view, the specific objections of irrelevancy and immateriality, interposed to the agreement, are untenable, and the court committed reversible error in sustaining them.

It is here for the first time insisted by the appellee that there was no offer to prove the execution of the written agreement, and that it was a copy—not the original agreement—and that, therefore, the court properly refused to admit it. When specific objections to proposed evidence are made, all others are waived.—3 Mayfield's Digest, p. 55, section 2742 1-2. If the objections argued here for the first time had been made on the trial, it is fair to presume that the defendant would have met them with supplementary evidence. At least, an opportunity would have been afforded it to do so.

It is unnecessary to consider the ground of error covering the refusal of the court to give the charge requested by the defendant, as the evidence on another trial may be different. For the error pointed out, the judgment appealed from is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL, and ANDERSON, JJ., concur.